IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) 1:10-cv-00040 OWW GSA |
|---|---|
| Plaintiff, | ) **FINDINGS AND RECOMMENDATION RE** |
| | ) **MOTION FOR RETURN OF** |
| v. | ) **PROPERTY [F.R.C.P. Rule 41(g)]** |
| DENNIS NAPIER, | ) |
| Defendant. | ) |
| _____ | ) |

On February 18, 2009, Defendant Dennis Napier filed a Motion for Return of Property pursuant to Fed.R.Crim.P. 41(g). The United States of America ("the Government") filed an Opposition on March 6, 2009. An initial hearing was held on March 10, 2009. Mr. Napier filed a Renewed Motion for Return of Property on June 26, 2009 to which the Government filed an Opposition on August 10, 2009 and Mr. Napier filed a reply on September 10, 2009. A hearing was held on October 16, 2009 at which time the Court requested additional briefing. The parties filed supplemental briefing on November 25, 2009. The Court held a final hearing December 18, 2009. Assistant United States Attorney Deanna L. Martinez appeared on behalf of the Government and Douglas Beevers appeared on behalf of Mr. Napier, who was also present in Court. The Court now issues the following Findings and Recommendations to Deny Mr. Napier's Motion for Return of Property. A Finding and Recommendation is necessary in this case as Mr. Napier has declined to consent to Magistrate Judge Jurisdiction.

///

## I. BACKGROUND

On January 30, 2009, special agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), with the assistance of officers from the Clovis Police Department, executed a federal search warrant at Mr. Napier's residence, located at 1667 Griffith Avenue, Clovis, California.

*See* Docket Document No.1, Affidavit in Support of Criminal Complaint.  During the search, agents located and seized the following firearms: (1) Rohm, Model 57, .44 caliber, revolver, bearing serial number: LG5891; (2) Sturm, Ruger &Co., Inc., Model P85, 9mm, pistol, bearing serial number: 300-51055; (3) Mossberg, Model 500, 12 gauge, shotgun, bearing serial number: K500339; (4) Winchester, Model 94, 30-30 caliber, rifle, bearing serial number L203728; (5) New England Firearms Co., Pardner Model, 12 gauge, shotgun, bearing serial number: ND259016; (6) Marlin, Model 60, .22 caliber rifle, bearing serial number:16394321; (7) Russian Model 191/30, 7.62 x54R, rifle, bearing serial number 9130102189; (8) Savage, Model Stevens, .410 gauge, shotgun, bearing no serial number; (9) Browning Arms, Model Buckmark, .22 caliber, pistol, bearing serial number: 655NZ16161; and (10) Hi-Point, Model C9, 9mm, pistol, bearing serial number: P1426321 ("the firearms").  *Id*.

The firearms were accepted into the ATF system on February 2, 2009 and a notice was sent to Mr. Napier on February 23, 2009.  Notice of the seizure was published as required.  Mr. Napier filed a claim which was received by ATF on March 25, 2009.  On June 26, 2009, Mr. Napier filed the present Motion for Return of Property pursuant to Rule 41(g) arguing that since his felony conviction was reduced to a misdemeanor, all of his civil rights have been restored and he is entitled to immediate return of the firearms.  The Government opposes return of the firearms to Mr. Napier, asserting the Mr. Napier is still subject to a firearms restriction under California law.

## II. DISCUSSION

Federal Rule of Criminal Procedure 41(g) is the proper vehicle to seek return of property seized by the Government against which no forfeiture proceedings have ever been commenced. United States v. Howell, 425 F.3d 971, 974, 977 (11th Cir. 2005).  Rule 41(g) is an equitable remedy in which the Court must "determine all the equitable considerations in order to make a fair and just decision."  Id.  Persons moving under Rule 41(g) must show a possessory interest in the seized property and must also have "clean hands."  A Rule 41(g) motion may be denied "if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues."  United States v. Van Cauwenberghe, 934 F.2d 1048, 1061 (9th Cir. 1991).  It should

be noted however, that motions seeking the return of property seized by the government when there are no criminal proceedings pending against the movant are "civil equitable proceedings" even if styled as being pursuant to Fed. R. Crim 41(g).  (See, <u>Purcell v. United States</u>, 908 F.2d 434, 437 (9th Cir. 1990)).  Thus, Mr. Napier's motion is considered a *civil action* for equitable relief as no criminal proceedings are pending against Mr. Napier related to the seizure of the weapons at issue in this case.  <u>In Re Search of S & S: Custom Cycle Shop</u>, 372 F.Supp2d 1048, 1050 (S.D. Ohio 2003).

    The record reflects that on February 10, 1993, Mr. Napier was convicted of two counts of felony assault in violation of California Penal Code section 245(a)(1).  The Information states, "said defendant, on or about June 28, 1992, did willfully and unlawfully commit an assault . . . with a deadly weapon, to wit: a racquetball racket, and by means of force likely to produce great bodily injury."  Document 32, Exhibit "A."  Mr. Napier was sentenced to State Prison for a total of four years.  *Id.*  Execution of the sentence was suspended and Mr. Napier was placed on five years formal probation.  *Id*.  Pursuant to California Penal Code Section 12021, convicted felons are prohibited from owning or possessing firearms (see also, California Penal Code Section 12021.1(b)(24) and 18 USC 922(g)(1)).

    On April 21, 2003, the Fresno County Superior Court set aside the verdict in Mr. Napier's case and dismissed the Information pursuant to California Penal Code Section 1203.4(a).  Document 20, Exhibit "A."  The Court also declared the offense to be a misdemeanor pursuant to California Penal Code Section 17(b).  *Id*.  However, in the Order the Court specifically stated: "Dismissal of an accusation or information pursuant to this section [Section 1203.4(a)] does not permit the petitioner to own, possess, or have in his or her custody or control any firearm capable of being concealed upon the person or prevent his or her conviction under Penal Code Section 12021."  *See Id*.

    The Court rejects Mr. Napier's argument that he is entitled to return of the firearms based on the state court's reduction of his offense to a misdemeanor.  When a state prison sentence is imposed for the violation of a "wobbler" offense, the offense is fixed as a felony even where execution of that prison sentence is suspended pending the defendant's successful completion of

probation. *See* People v. Wood, 62 Cal.App.4th 1262, 1271 (1998) *citing* People v. Banks , 53 Cal.2d. 370, 385-386 (1959). The offense is permanently considered to be a felony and the trial court "lacks authority" to reduce such an offense to a misdemeanor "when sentence has been imposed and suspended." *Id.*

Because Mr. Napier was sentenced to state prison, his offense was fixed as a felony at the time of imposition and the state court was without jurisdiction under Penal Code Section 17(b) to reduce the offense to a misdemeanor. Pursuant to California Penal Code Section 1203.4 and the state court's order, Mr. Napier is still subject to a firearms restriction and therefore his motion for return of property pursuant to Rule 41 (g), an equitable remedy, should be denied.

The Court also rejects Mr. Napier's argument that he is entitled to return of the firearms pursuant to his rights under the Second Amendment to the United States Constitution. In District of Columbia v. Heller, 128 S.Ct. 2783 (2008), the Supreme Court held for the first time that the Second Amendment's right to bear arms is an individual right rather than a collective right. In Heller, a special police officer challenged the District of Columbia's gun-control statutes effectively banning handgun possession by any person in the District of Columbia. However, the Court expressly held that,"nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Id.* at 2816-17. Moreover, Mr. Napier concedes that his argument that the Second Amendment is incorporated to the States is currently foreclosed. *See* Document 25 at 3:5-10.

Because Mr. Napier may not legally possess the firearms and the Government does not seek forfeiture, the Government requests that the firearms be destroyed pursuant to 28 U.S.C. § 1651 (the "All Writs Act"). Currently there is no specific statute authorizing the destruction of firearms and ammunition under the circumstances of this case. However, the All Writs Act authorizes "[t]he Supreme Court and all courts established by Act of Congress . . . [to] issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principals of law." 28 U.S.C. § 1651(a). As the Supreme Court explained, "[t]he All Writs

Act is a residual source of authority to issue writs that are not otherwise covered by statute." Pennsylvania Bureau of Correction v. United States Marshals Service, 474 U.S. 34, 43 (1985). Courts have used the All Writs Act to grant authorization to the government to destroy firearms seized in the course of a criminal investigation. *See* United States v. Roberts, 322 Fed. Appdx. 175 (3d Cir. 2009). Accordingly, the Government should be permitted to destroy the firearms.

### III.  CONCLUSION

Because Mr. Napier may not legally possess the firearms at issue, the Motion for Return of Property should be DENIED and the Government should be authorized to destroy the property.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules. Within ten (10) days after service, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 7, 2010**                      **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE