UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS NAPIER,<br><br>            Petitioner,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | 1:10-cv-00040 OWW GSA<br><br>MEMORANDUM DECISION DENYING PETITIONER'S MOTION FOR NEW TRIAL AND MOTION TO VACATE JUDGMENT (DOC. 65). |

## I. INTRODUCTION/BACKGROUND

Before the court for decision is Petitioner Dennis Napier's motion for new trial, or, in the alternative, motion to vacate the judgment.  Doc. 65.

On January 30, 2009, special agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), with the assistance of officers from the Clovis Police Department, executed a federal search warrant at petitioner's residence in Clovis, California.  During the search, agents located and seized ten (10) firearms.[1]

---

[1] The following firearms were seized: (1) Rohm, Model 57, .44 caliber, revolver, bearing serial number: LG5891; (2) Sturm, Ruger &Co., Inc., Model P85, 9mm, pistol, bearing serial number: 300-51055; (3) Mossberg, Model 500, 12 gauge, shotgun, bearing serial number: K500339; (4) Winchester, Model 94, 30-30 caliber, rifle, bearing serial number L203728; (5) New England Firearms Co., Pardner Model, 12 gauge, shotgun, bearing serial number: ND259016; (6) Marlin, Model 60, .22 caliber rifle, bearing serial number:16394321;

1

The seized firearms were accepted into the ATF system on February 2, 2009 and a notice was sent to movant on February 23, 2009.

Petitioner filed a claim, which was received by ATF on March 25, 2009.  Doc. 1, Ex. A.  On June 26, 2009, petitioner filed a motion for return of property pursuant to Federal Rule of Civil Procedure Rule 41(g).  Doc. 1. On January 8, 2010, the Magistrate Judge filed Findings and Recommendations recommending denial of Petitioner's motion for return of property.  Doc. 13.  Petitioner filed objections on January 12, 2010, January 14, 2010, January 19, 2010 and February 22, 2010.  Docs.  15, 20, 19 & 25.

On July 30, 2010, the United States filed a brief in support of its request that the District Court adopt the Findings and Recommendations.  Doc. 41.  Petitioner filed an opposition on August 30, 2010.  Doc. 43.  On March 24, 2011, after a number of continuances and a hearing on February 28, 2011, the district court denied the petitioner's motion for return of property by adopting the Magistrate Judge's Findings and Recommendations, but

---

(7) Russian Model 191/30, 7.62 x54R, rifle, bearing serial number 9130102189; (8) Savage, Model Stevens, .410 gauge, shotgun, bearing no serial number; (9) Browning Arms, Model Buckmark, .22 caliber, pistol, bearing serial number: 655NZ16161; and (10) Hi-Point, Model C9, 9mm, pistol, bearing serial number: P1426321.

stayed destruction of the property pending final determination by the appellate court.  Doc. 64.

On May 23, 2011, Petitioner filed a "Motion for New Trial[/] Motion to Vacate the Judgment."  Doc. 65.  The United States filed an opposition.  Doc. 68, filed June 7, 2011.  Petitioner filed a reply.  Doc. 69, filed June 14, 2011.

## II. DISCUSSION

### A. Rule 59 Motion Untimely.

A motion for new trial is governed by Federal Rule of Civil Procedure 59, which provides that "[a] motion for new trial must be filed no later than 28 days after entry of judgment."  Fed. R. Civ. P. 59(b).  A motion to alter or amend a judgment brought under Rule 59(e) must likewise be "filed no later than 28 days after the entry of judgment."  Here, the Order adopting the Magistrate Judges' Findings and Recommendations was entered March 24, 2011.  Doc. 64.  Plaintiffs' motion for new trial, filed May 23, 2011, even if construed as a motion to alter or amend judgment under Rule 59(e), is DENIED as untimely.

### B. Rule 60.

Plaintiffs' reply specifically invokes Rule 60, which provides, in pertinent part:

3

>        (a) Corrections Based on Clerical Mistakes;
>        Oversights and Omissions.
>
>        The court may correct a clerical mistake or a
>        mistake arising from oversight or omission
>        whenever one is found in a judgment, order, or
>        other part of the record. The court may do so on
>        motion or on its own, with or without notice.
>        But after an appeal has been docketed in the
>        appellate court and while it is pending, such a
>        mistake may be corrected only with the appellate
>        court's leave.
>
>        (b) Grounds for Relief from a Final Judgment,
>        Order, or Proceeding.
>
>        On motion and just terms, the court may relieve
>        a party or its legal representative from a final
>        judgment, order, or proceeding for the following
>        reasons:
>
>             (1) mistake, inadvertence, surprise, or
>             excusable neglect;
>
>             (2) newly discovered evidence that, with
>             reasonable diligence, could not have been
>             discovered in time to move for a new trial
>             under Rule 59(b);
>
>             (3) fraud (whether previously called
>             intrinsic or extrinsic), misrepresentation,
>             or misconduct by an opposing party;
>
>             (4) the judgment is void;
>
>             (5) the judgment has been satisfied,
>             released, or discharged; it is based on an
>             earlier judgment that has been reversed or
>             vacated; or applying it prospectively is no
>             longer equitable; or
>
>             (6) any other reason that justifies relief.

Rule 60(a), which provides for corrections of clerical mistakes, is inapplicable here, as Petitioner claims substantive errors in the final judgment.

Rule 60(b) provides for reconsideration: "only upon a showing of (1) mistake, surprise, or excusable neglect;

4

(2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991).

Petitioner's motion could not plausibly be construed to argue that the judgment is void or has been satisfied or discharged. He does not claim "mistake," or "surprise." He does suggest that he was hindered in making objections at the February 28, 2011 because the court was extremely busy, his hearing was delayed, he had not eaten for 20 hours, and he was suffering from stage fright. This is arguably an invocation of the "excusable neglect" basis for relief. Even if, arguendo, this satisfied the excusable neglect standard, Plaintiff fails to identify arguments he would have raised at the hearing in the absence of the above-alleged inconveniences.

Petitioner also argues that branding him a "felon" amounted to perpetration of "fraud." As was explained in both the Findings and Recommendations and the oral statement of decision adopting the Findings and Recommendations, even though Petitioner's 1993 felony assault conviction was set aside and declared a misdemeanor by the Fresno County Superior Court in 2003,

5

this was erroneous as the offense was a felony based on the original sentence, and could not be reduced to a misdemeanor.  *See* Doc. 13 at 3-4; Doc. 61, 2/28/11 Hg. Tr., at 11-12.  It was not improper or "fraud" to consider Petitioner subject to a firearms restriction.

The Federal Court implores Petitioner to seek review of the state court orders fixing his prior conviction as a felony.  Despite numerous continuances for that purpose, Plaintiff has not done so.  The District Court has no jurisdiction to obtain or amend the state court judgment.

Petitioner does not claim any additional extraordinary circumstances that would justify relief from the judgment.  The vast majority of Plaintiffs' arguments rehash issues already raised, considered, and ruled upon.

Petitioner's motion for relief under Rule 60(b) is DENIED.

C.  <u>Request to Set Hearing Re Cross-Motion for Destruction of Property.</u>

The district court stayed the United States' cross-motion for destruction of property pending the final determination by an appellate court of petitioner's motion for return of property.  Doc. 64 at 2.  The United States now argues that the time for appeal has passed and

6

requests a hearing on their cross-motion.

In a civil case, a notice of appeal must normally be filed "within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a). The "order" denying Petitioner's motion for return of property was entered March 24, 2011. Doc. 64. However, whether that order was "entered" for purposes of the Appellate Rules is a different question. Appellate Rule 4 provides that whenever Federal Rule of Civil Procedure 58(a) requires the "judgment or order" to be set forth in a "separate document," the order is not considered "entered" until "set forth on a separate document" or "150 days have run from entry of the judgment or order in the civil docket." Rule 58(a) requires a separate document for all orders disposing of motions, with the exception of certain types of motions not relevant here. As a rule of thumb, a "separate document" should not set forth the court's reasoning or apply law to the facts. *See Paddack v. Morris*, 783 F.2d 844, 846 (9th Cir. 1986). Here, although the order is short, it offers an "additional reason for adopting the Magistrate Judge's findings" not set forth in any previous document. This does not constitute a "separate document." Accordingly, the order was never "entered" for purposes of Appellate

7

Rule 4.  Petitioner has 180 days (150 plus 30) from March 24, 2011 to file his notice of appeal with the Ninth Circuit Court of Appeals.

### III. CONCLUSION

For the reasons set forth above:

(1)  Petitioner's motion for new trial is DENIED as untimely.

(2) Petitioner's motion to vacate judgment under Rule 60 is DENIED.

(3) The United States' request to set a hearing on their cross-motion for destruction of property is DENIED.  The stay remains in place as to that motion.

The United States shall submit a proposed form of order consistent with this memorandum decision within five (5) days of electronic service.

SO ORDERED
Dated:  June 22, 2011

/s/ Oliver W. Wanger
United States District Judge