UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS NAPIER,<br><br>        Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | 1:10-cv-00040 OWW GSA<br><br>MEMORANDUM DECISION GRANTING UNITED STATES' MOTION FOR RECONSIDERATION (DOC. 72). |

A June 22, 2011 memorandum decision denied Petitioner Dennis Napier's motion for new trial and amendment of judgment, and denied the United States' cross-motion to set a hearing date on its motion for destruction of property.  Doc. 71.  In denying the United States' cross-motion, the district court concluded that an order filed March 24, 2011 was not a separate document within the meaning of Federal Rule of Civil Procedure 58, and therefore, Petitioner's time to appeal had yet to expire. *Id*. at 7-8.  The district court reasoned:

1

> In a civil case, a notice of appeal must normally be filed "within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a). The "order" denying Petitioner's motion for return of property was entered March 24, 2011. Doc. 64. However, whether that order was "entered" for purposes of the Appellate Rules is a different question. Appellate Rule 4 provides that whenever Federal Rule of Civil Procedure 58(a) requires the "judgment or order" to be set forth in a "separate document," the order is not considered "entered" until "set forth on a separate document" or "150 days have run from entry of the judgment or order in the civil docket." Rule 58(a) requires a separate document for all orders disposing of motions, with the exception of certain types of motions not relevant here. As a rule of thumb, a "separate document" should not set forth the court's reasoning or apply law to the facts. *See Paddack v. Morris*, 783 F.2d 844, 846 (9th Cir. 1986). Here, although the order is short, it offers an "additional reason for adopting the Magistrate Judge's findings" not set forth in any previous document. This does not constitute a "separate document." Accordingly, the order was never "entered" for purposes of Appellate Rule 4. Petitioner has 180 days (150 plus 30) from March 24, 2011 to file his notice of appeal with the Ninth Circuit Court of Appeals.

*Id*.

The United States now moves for reconsideration of this ruling. Doc. 72. Mr. Napier opposes reconsideration. Doc. 73. The United States relies on *In re Schimmels*, 85 F.3d 416 (9th Cir. 1996), to argue that the March 24, 2011 order did satisfy the separate judgment rule. *Schimmels* set forth the general standard as follows:

> The separate judgment rule does not always require the filing of two separate documents. As [*In re Slimick*, 928 F.3d 304 (9th Cir. 1990)] made clear, when a court enters a short order that clearly constitutes a final decision, that short order meets the separate judgment rule. Similarly, if a court grants a summary judgment without writing an opinion or memorandum, then the order granting summary judgment is enough to meet the separate document requirement.
>
> [The separate judgment rule] does require every judgment to be set forth on a separate document. Appellant, however interprets this to mean that two documents are required in all cases. This is unfounded. [The separate judgment rule] applies where it is uncertain whether a final judgment has been entered, as where a trial judge writes an opinion or memorandum providing only the basis for the entry of judgment, but containing apparently directive or dispositive words such as "defendant's motion for summary judgment is granted." In such a situation, a judgment must be set out on a document separate from the opinion or memorandum.

[citations].

*Schimmels*, 84 F.3d at 421.

In *Schimmels*, the bankruptcy court entered an order entitled "Order Granting Summary Judgment," which read, in its entirety:

> The matter of Debtor's Motion for Summary Judgment on the First Amended Complaint to Determine Dischargeability filed by the [appellants] having come for hearing on December 2, 1993, Debtors appearing with their counsel, Alan R. Smith, Esq., and the [appellants] appearing through their counsel, John R. Martz, Esq., and it appearing that the [appellants] failed to timely respond to the subject Motion, said failure not being attributable to excusable neglect, and the Court having considered the

>     tardy motion for extension of time filed by the
>     [appellants] and denying the same, and the Court
>     having considered the preliminary response filed
>     by the [appellants] without supporting
>     affidavits, and the Court having considered the
>     arguments of counsel, it is therefore
>
>     ORDERED that summary judgment is granted in
>     favor of the Debtors and against the
>     [appellants] on each of the nine causes of
>     action as set forth in the First Amended
>     Complaint to Determine Dischargeability filed by
>     the [appellants].

*Id*. This order was not followed by an additional document entering judgment. In response to a subsequent motion for reconsideration, the bankruptcy court entered an order entitled "Order Denying Motion for Reconsideration of Order Granting Debtor's Motion for Summary Judgment," which read, in its entirety:

>     The Court having considered the [appellants']
>     Motion for Reconsideration of the Court's Order
>     dated January 4, 1994 granting Debtor's Motion
>     for Summary Judgment on the [appellants'] First
>     Amended Complaint to determine dischargeability,
>     the Debtors' opposition thereto, and the Court
>     having heard the arguments of counsel at a
>     hearing on February 23, 1994,
>
>     IT IS HEREBY ORDERED that the [appellants']
>     Motion for Reconsideration of the Order dated
>     January 4, 1994 granting debtors' motion for
>     summary judgment is DENIED.

*Id*. at 421-22. Again the bankruptcy court did not docket an additional document entering judgment. *Id*. at 422. Appellants filed their notice of appeal one day late and subsequently argued the second order did start the time

4

**for filing a notice of appeal because the bankruptcy court never entered separate judgments as required under Bankruptcy Rule 9021.** *Id*.

**The Ninth Circuit held that two separate documents are not always required. Where the lower court files an extensive opinion explaining its disposition, a separate order is required. However, where an order is entered without the filing of an opinion, such as was the case in** *Schimmels*, **no separate document is required. "The mere fact that the order contains a single sentence detailing the history of the proceedings does not disqualify it as a separate order."** *Id*. **As to the first order in** *Schimmels*, **the Ninth Circuit emphasized that it was "clearly intended as the final disposition of the case, stating: '[I]t is therefore ORDERED that summary judgment is granted....'"** *Id*. **"There was no possibility that appellants would be misled."** *Id*. **As to the second order on the motion to reconsider, the Ninth Circuit emphasized that the "order contains only a one-sentence recitation of the procedure, documents, and arguments considered by the court in denying the motion. There is no explanation of the reasoning of the court. The order clearly disposes of the motion for reconsideration. There was no possibility that the appellants would be misled into**

5

believing that this was not a final order from which the time for appeal would run." *Id*.

Here, the March 24, 2011 ruling included a single sentence explaining one additional reason for adopting the Magistrate Judges findings and recommendations never-before articulated in <u>writing:</u>

> THE COURT FURTHER finds that as an additional reason for adopting the Magistrate Judge's findings is that on March 29, 2010, Fresno County Superior Court Judge Gary Orozco found that Mr. Napier remained convicted of two felony violations of California Penal Code Section 245(a)(1).

Doc. 64 at 2.

The inclusion of this additional reason formed the basis of the district court's prior decision that the March 24, 2011 order did not satisfy the separate order requirement. *See Paddack v. Morris*, 783 F.2d 844, 846 (9th Cir. 1986) (As a rule of thumb, a "separate document" should not set forth the court's reasoning or apply law to the facts). *Schimmels* suggests that a more nuanced analysis is required. The key is whether it is "uncertain whether a final judgment has been entered," Schimmels, 85 F.3d at 421. *Schimmels* offers the example of "where a trial judge writes an opinion or memorandum providing only the basis for the entry of judgment, but containing apparently directive or dispositive words such

6

as 'defendant's motion for summary judgment is granted.'" *Id.* In such a case, a separate order is required.

Here, however, the transcript of the hearing that led to entry the March 24, 2011 order reveals that the "new" reason included in the March 24, 2011 order was discussed and included in the district court's oral statement of decision adopting the magistrate's findings and recommendations. *See* 2/28/11 Hrg. Tr. at 7, 14-17 (discussing Judge Orozco's order). Moreover, in addition to requesting counsel for the United States to prepare a written order reflecting the oral ruling, the district court made it absolutely clear that entry of the order would start to run the time to file an appeal:

> THE COURT: But if you don't, Mr. Napier, file a notice of appeal now within 30 days and protect your rights, you are going to lose your rights. Do you understand?
>
> MR. NAPIER: I thought some cases were 60 days.
>
> THE COURT: You are not the government. And so I can't advise you as to what the law is. You need to look at the Federal Rules of Appellate Procedure.
>
> And all I'm telling you is if you want to have my ruling reviewed, you need to appeal it to the Court of Appeal.
>
> Do you understand that?
>
> MR. NAPIER: Yes.

*Id.* at 20. In light of *Schimmels*, the combination of the

7

court's oral ruling and the warning given to Petitioner regarding the filing of an appeal, the subsequent March 24, 2011 satisfies the separate judgment requirement. The time for appeal has passed.

In his opposition, Mr. Napier indicates that he "believed he had 60 days to appeal since the United States was a party." Doc. 73 at 4. As quoted above, Mr. Napier's mistaken belief that the 60-day appeal period applied to him was brought up at the February 28, 2011 hearing, at which time the district court drew attention to Mr. Napier's error by explaining that the extended appeal period applies only to appeals filed by the United States. In any event, the 60-day window has long since passed. It also is notable that Mr. Napier indicates in his opposition that he has yet to pursue any remedies in state court because he claims that his appointed Federal Defender warned "that he was just putting the noose around his neck by going to the State Court referring to Judge Orozco's order." Doc. 73 at 5.

The United States' motion for reconsideration of the June 2, 2011 order denying its motion to set a hearing on its motion for destruction of property is GRANTED.

Given the equitable circumstances surrounding Mr. Napier's acquisition of the firearms in question, the

8

United States is ordered to show cause on or before August 19, 2011, why the firearms cannot be sold at auction with the proceeds being returned to Mr. Napier. Mr. Napier shall file any response on or before August 22, 2011. The motion shall be heard on August 29, 2011 at 10:00am.

SO ORDERED
Dated: August 5, 2011

          /s/ Oliver W. Wanger
         United States District Judge