UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS NAPIER,<br><br>          Petitioner,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent. | 1:10-cv-00040 OWW GSA<br><br>ORDER RE DISPOSITION OF FIREARMS |

A show cause hearing was held September 19, 2011 to determine whether firearms seized from Mr. Napier's residence cannot be sold at auction with the proceeds being returned to Mr. Napier.  Doc. 82.  The United States presented the results of Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") traces run on each of the 10 firearms in question:

1. Rohm, Model 57, .44 caliber, revolver, bearing serial number:LG5891

2. Sturm, Ruger & Co., Inc., Model P85, 9mm, pistol, bearing serial number: 300- 51055

3. Mossberg, Model 500, 12 gauge, shotgun, bearing serial number: K500339

4. Winchester, Model 94, 30-30 caliber, rifle, bearing serial number L203728

1

        5.    New England Firearms Co., Pardner Model, 12 gauge, shotgun, bearing serial number: ND259016

        6.    Marlin, Model 60, .22 caliber rifle, bearing serial number:16394321;

        7.    Russian Model 191/30, 7.62 x54R, rifle, bearing serial number 9130102189

        8.    Savage, Model Stevens, .410 gauge, shotgun, bearing no serial number

        9.    Browning Arms, Model Buckmark, .22 caliber, pistol, bearing serial number: 655NZ16161

        10.   Hi-Point, Model C9, 9mm, pistol, bearing serial number: P1426321

The ATF traces revealed that three weapons, Numbers 7, 9, and 10, were purchased by Mr. Napier, but only Number 7 was purchased at a time when Mr. Napier was arguably permitted to lawfully purchase firearms. Doc. 76 at 4-5. Firearm Number 5 was purchased by Mr. Napier on October 1, 1991, which weapon he should have divested himself of between his 1993 conviction and the 2003 order Mr. Napier argues lifted his firearms prohibition. *Id*. As to the remaining weapons, the traces indicate either that there was no record of the firearm's purchaser at all (Numbers 1, 2, 4, and 8); or the weapon was purchased by another person with no record of Napier's subsequent lawful ownership (Numbers 3 (reported as lost or stolen), and 6).

    The government agreed that it would be appropriate to sell firearm Number 7 by transferring it to a legitimate and bona fide Federal Firearms Licensee ("FFL") for sale, with remission of the

2

proceeds to Mr. Napier.  In addition, the Court orders that, as a matter of equity in light of the record of confusion regarding Mr. Napier's firearms prohibition and the fact that he purchased them with the reasonably mistaken belief he could possess them, the Number 9 and Number 10 firearms should also be sold by an FFL, with the proceeds returned to Mr. Napier.

Mr. Napier requested and was granted until Friday, September 23, 2011 to provide the government with proof of lawful ownership of any of the other firearms.  As of the date of electronic filing of this Order, September 30, 2011, Mr. Napier has not provided any such ownership documentation.  Instead, on September 28, 2011, he filed an "opposition" that simply rehashes legal arguments the Court has previously rejected.

Although the Court had previously determined that the time for filing a notice of appeal had expired, under the most liberal interpretation of the relevant appellate rules, Mr. Napier would have had until September 26, 2011[1] to file a notice of appeal.  The Court ordered that, if Mr. Napier filed a notice of appeal by that date, the firearms should all be held pending the resolution of any appeal.  The September 26, 2011 deadline passed without Mr. Napier filing a notice of appeal.  He has been warned on many occasions about the necessity of filing notices of appeal to perfect his rights.

---

[1] The date discussed during the hearing was September 24, 2011, which is a Saturday, making the deadline the next business day, September 26, 2011.

3

Accordingly, and for all the reasons set forth orally on the record in the September 19, 2011 hearing, the United States is directed to sell the Number 7, 8 and 9 firearms to an FFA with the proceeds remitted to Mr. Napier.  The remaining nine firearms shall be destroyed, as no appeal has been taken.

SO ORDERED
Dated:   September 30, 2011

/s/ Oliver W. Wanger
United States District Judge