UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS NAPIER,<br><br>　　Petitioner,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　Respondent. | 1:10-cv-00040 LJO GSA<br><br>MEMORANDUM DECISION RE PETITIONER'S REQUEST FOR RECONSIDERATION RE THE SEPTEMBER 30, 2011 ORDER RE DESTRUCTION OF FIREARMS (DOC. 88) |

## I. INTRODUCTION

Before the Court for decision is Petitioner Dennis Napier's request for Reconsideration of a September 30, 2011 Order Re Disposition of Firearms, or in the alternative for a stay pending appeal of that Order. Doc. 88.

## II. BACKGROUND/PROCEDURAL HISTORY

On January 30, 2009, special agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), with the assistance of officers from the Clovis Police Department, executed a federal search warrant at Petitioner's residence in Clovis, California. During the search, agents located and seized ten (10) firearms. The seized firearms were accepted into the ATF system on February 2, 2009 and a notice was sent to movant on February 23, 2009.

On June 26, 2009, petitioner filed a motion for return of property pursuant to Federal Rule of Civil Procedure Rule 41(g). Doc. 1. The United States opposed on the ground that Mr. Napier was subject to a firearms restriction under California Law. Doc. 2.

The record reflects that on February 10, 1993, Mr. Napier was convicted of two counts of felony assault in violation of California Penal Code Section 245(a)(1). The Information states, "said defendant, on or about June 28, 1992, did willfully and unlawfully commit an assault . . . with a deadly weapon, to wit: a racquetball racket, and by means of force likely to produce great bodily injury." Doc. 32, Ex. A. Mr. Napier was sentenced to State Prison for a total of four years. *Id*. Execution of the sentence was suspended, and Mr. Napier was placed on five years formal probation. *Id*. Pursuant to California Penal Code Section 12021, convicted felons are prohibited from owning or possessing firearms. *See also* Cal. Penal Code §12021.1(b)(24); 18 U.S.C. § 922(g)(1).

On April 21, 2003, the Fresno County Superior Court set aside the verdict in Mr. Napier's case and dismissed the Information pursuant to California Penal Code Section 1203.4(a). Doc. 20, Ex. A. The Court also declared the offense to be a misdemeanor pursuant to California Penal Code Section 17(b). *Id*. However, the Superior Court specifically stated:

> Dismissal of an accusation or information pursuant to [Section 1203.4(a)] does not permit the petitioner to own, possess, or have in his or her custody or control any firearm capable of being concealed upon the person or prevent his or her conviction under Penal Code Section 12021.

*See id*.

The Magistrate Judge issued Findings and Recommendations recommending rejection of Mr. Napier's Petition:

> The Court rejects Mr. Napier's argument that he is entitled to return of the firearms based on the state court's reduction of his offense to a misdemeanor. When a state prison sentence is imposed for the violation of a "wobbler" offense, the offense is fixed as a felony even where execution of that prison sentence is suspended pending the defendant's successful completion of probation. *See People v. Wood*, 62 Cal.App.4th 1262, 1271 (1998) citing *People v. Banks*, 53 Cal.2d. 370, 385-386 (1959). The offense is permanently considered to be a felony and the trial court "lacks authority" to reduce such an offense to a misdemeanor "when sentence has been imposed and suspended." *Id*.

> Because Mr. Napier was sentenced to state prison, his offense was fixed as a felony at the time of imposition and the state court was without jurisdiction under Penal Code Section 17(b) to reduce the offense to a misdemeanor. Pursuant to California Penal Code Section 1203.4 and the state court's order, Mr. Napier is still subject to a firearms restriction and therefore his motion for return of property pursuant to Rule 41 (g), an equitable remedy, should be denied.
>
> The Court also rejects Mr. Napier's argument that he is entitled to return of the firearms pursuant to his rights under the Second Amendment to the United States Constitution. In District of *Columbia v. Heller*, 128 S.Ct. 2783 (2008), the Supreme Court held for the first time that the Second Amendment's right to bear arms is an individual right rather than a collective right. In Heller, a special police officer challenged the District of Columbia's gun-control statutes effectively banning handgun possession by any person in the District of Columbia. However, the Court expressly held that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Id*. at 2816-17.
>
> Moreover, Mr. Napier concedes that his argument that the Second Amendment is incorporated to the States is currently foreclosed. See Document 25 at 3:5-10.
>
> Because Mr. Napier may not legally possess the firearms and the Government does not seek forfeiture, the Government requests that the firearms be destroyed pursuant to 28 U.S.C. § 1651 (the "All Writs Act"). Currently there is no specific statute authorizing the destruction of firearms and ammunition under the circumstances of this case. However, the All Writs Act authorizes "[t]he Supreme Court and all courts established by Act of Congress . . . [to] issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principals of law." 28 U.S.C. § 1651(a). As the Supreme Court explained, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Pennsylvania Bureau of Correction v. United States Marshals Service*, 474 U.S. 34, 43 (1985).
>
> Courts have used the All Writs Act to grant authorization to the government to destroy firearms seized in the course of a criminal investigation. *See United States v. Roberts*, 322 Fed. App[]x. 175 (3d Cir. 2009). Accordingly, the Government should be permitted to destroy the firearms.

Doc. 13 at 3-5.

On March 24, 2011, after a number of continuances and a hearing on February 28, 2011, the district court adopted the Magistrate Judge's Findings and Recommendations. Doc. 64. The district court further found, "as an additional reason for adopting the Magistrate Judge's

3

findings[,] that on March 29, 2010, Fresno County Superior Court Judge Gary Orozco found that Mr. Napier remained convicted of two felony violations of California Penal Code Section 245(a)(1)." *Id.* Destruction of the property was stayed pending a final determination by the Ninth Circuit. *Id.*

On May 23, 2011, Petitioner filed a "Motion for New Trial[/] Motion to Vacate the Judgment." Doc. 65. The United States opposed and requested a hearing on its cross-motion for destruction of property, arguing that Mr. Napier's time for appeal had expired. Doc. 68. Mr. Napier's motion for new trial was denied as untimely, and his motion to vacate the judgment, construed as a motion for relief under Fed. R. Civ. P. 60(b), was denied on the merits. Doc. 71. The district court also denied the United States' request for a hearing on its cross-motion for permission to destroy the firearms, reasoning that Mr. Napier's time to appeal had not yet expired because a "separate document" entering judgment had not yet been filed, leaving Mr. Napier 180 days from March 24, 2011 to file a notice of appeal. *Id.*

On August 5, 2011, the district court granted the United States' motion to reconsider the ruling regarding the time for appeal. Doc. 75. Additional authority cited by the United States demonstrated that the March 24, 2011 order satisfied the separate document rule, triggering a thirty (30)-day window for filing a notice of appeal, which had expired. *Id.* Nevertheless, in the interest of equity, the district court ordered the United States to show cause why the firearms could not be sold at auction with the proceeds being returned to Mr. Napier. *Id.*

On September 30, 2011, after full briefing and a hearing on the order to show cause, the district court addressed disposition of each firearm. Doc. 87. Certain firearms were ordered sold, with the proceeds remitted to Mr. Napier. Doc. 87 at 2-3. The remaining firearms were ordered destroyed. *Id.* at 4. As of the filing of the government's October 26, 2011 status report, Mr.

Napier had not filed any additional documentation regarding proof of ownership or possession of any of the remaining firearms. Doc. 92.

### III. STANDARD OF DECISION

Pursuant to Federal Rule of Civil Procedure 60(b) "[o]n motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ... (3) fraud ... or (6) any other reason that justifies relief." Where none of these factors is present, the motion is properly denied. *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991).

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control...." *Id*. (internal quotation marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).[1]

---

[1] Motions for reconsideration are also subject to Local Rule 230(j), which requires, among other things, movant to set forth: "[W]hat new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

### IV. DISCUSSION

**A.      Request for Reconsideration.**

Mr. Napier now moves for reconsideration of the September 30, 2011 order. Doc. 88. As grounds for reconsideration, Mr. Napier first reiterates arguments raised and rejected on the merits of his petition for return of property. Specifically, he again argues that "the weight of evidence or preponderance of the evidence shows that [he] was legally allowed to own and possess firearms at the time [] the [ATF] and Clovis Police Department [seized] them." *Id*. at 1. He offers no new evidence or legal authority and therefore provides no basis for reconsideration.

Mr. Napier also objects to the "hearsay statements" made by the government in connection with its response to the order to show cause indicating that "certain guns were stolen." Doc. 88 at 2. Counsel for the government represented that one of the ten seized firearms was traced to a licensed firearms dealer who stated that the particular weapon (Number Three) was lost or stolen in inventory, with no record of Mr. Napier ever owning the firearm. Doc. 74 at 4. Although the statement of the firearms dealer described in the United States' response to the order to show cause is hearsay, this is not dispositive. The starting point for any decision regarding the disposition of any of the ten weapons is the principle that a convicted felon is prohibited from possessing guns. *See also* Cal. Penal Code §12021.1(b)(24); 18 U.S.C. § 922(g)(1). Felons are also barred from constructively possessing firearms by transferring them to a third party. *See United States v. Felici*, 208 F.3d 667, 670 (8th Cir. 2000). At least one court has declined to permit weapons to be sold with proceeds remitting to the defendants' family member on the ground that such a transfer of value would undermine the bar against constructive possession. *See United States v. Roberts*, 322 Fed. Appx. 175, 176-77 (3d Cir. 2009). Here, the district court determined that, under the unique circumstances present here, equity demands some acknowledgement of the confusion regarding Mr. Napier's right to possess firearms at various

points in time. Acting pursuant to equity, the district court set a threshold requirement for sale (as opposed to destruction): whether Mr. Napier's ownership could be affirmatively demonstrated. Even where such ownership was documented, certain firearms were nevertheless ordered destroyed. The government is not in possession of and Mr. Napier has not presented any documentation establishing when and on what date Mr. Napier lawfully acquired firearm Number Three. Therefore, Mr. Napier has failed to demonstrate a basis for reconsideration.

Mr. Napier "denies obtaining these guns except by legal purchase or gift," "objects to being required to show receipts of purchase to prove ownership," and demands that "if someone is claiming ownership let them come to the court and testify to it." Doc. 88 at 2. The issue of his ownership was squarely presented during the hearing on the order to show cause. At that time, Mr. Napier had a full and fair opportunity to raise any objection to being required to show proof of ownership. Here, Mr. Napier has not presented newly discovered evidence or an intervening change in the controlling law, nor demonstrated that the district court committed clear error.

The motion for reconsideration is without merit and is DENIED.

**B.     Request for Stay Pending Appeal.**

Finally, Mr. Napier requests "leave to file a petition for writ of prohibition and mandate," as well as a stay to prevent the destruction and/or sale of the firearms while any such petition is pending. Doc. 88 at 2. This appears to be a request for a stay pending appeal of the September 30, 2011 order. Mr. Napier does not explain why he requires leave of court to appeal the equitable determination regarding destruction and/or sale of the weapons. Although he has long since missed the deadline for appealing denial of his petition for return of property, the order regarding destruction and/or sale is arguably a separate legal ruling that would trigger a separate opportunity for appeal. In an abundance of caution, the September 30, 2011 order is STAYED pending resolution of any appeal by Mr. Napier. If Mr. Napier fails to file a notice of appeal

7

within thirty (30) days following entry of the concurrently-filed separate order denying his motion for reconsideration, the stay shall automatically expire.

## V. CONCLUSION

For the reasons set forth above:

(1) Petitioner's motion for reconsideration of the September 30, 2011 Order re disposition of firearms is DENIED.

(2) Petitioner's alternative request for a stay pending appeal of the September 30, 2011 Order is GRANTED. The stay shall extend throughout pendency of any appeal, but shall expire automatically if Petitioner fails to file a notice of appeal within thirty (30) days following electronic service of the separate order filed concurrently with this memorandum decision.

**SO ORDERED**
**Dated: October 27, 2011**

                                    **/s/ Lawrence J. O'Neill**
                                    **United States District Judge**