UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS NAPIER,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | 1:10-cv-00040 LJO GSA<br><br>**ORDER RE PETITIONER'S MOTION TO VACATE THE OCTOBER 27, 2011 ORDER RE PETITIONER'S REQUEST FOR RECONSIDERATION RE DISPOSITION OF FIREARMS (DOC. 95)** |

      Before the Court for decision is Petitioner Dennis Napier's motion to vacate this Court's October 27, 2011 Order, which addressed Petitioner's prior request for reconsideration regarding disposition of firearms seized from Mr. Napeir's residence. *See* Doc. 95.  The October 27, 2011 Order confirmed a September 30, 2011 Order allowing certain firearms to be destroyed and others to be sold at auction with proceeds remitting to Mr. Napier, but stayed destruction or sale until November 27, 2011 to permit Mr. Napier one last opportunity to appeal.  Docs. 93 & 94.

      The procedural history of this case has been detailed in numerous prior orders, including the September 30, 2011 Order and the October 27, 2011 Order Mr. Napier now seeks to vacate. *See* Docs. 87 & 93.  In sum, this Court determined that, because of a 1993 state conviction, Mr. Napier is currently subject to a firearms prohibition, despite a 2003 Superior Court Order purporting to reduce the 1993 conviction to a misdemeanor.  Because the 2003 Superior Court Order created some confusion over whether and to what extent the firearms prohibition continued after 2003, the district court, acting pursuant to its equitable jurisdiction, sought to determine whether it would be possible and/or appropriate for the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("BATF") to sell some or all of the seized firearms at auction with the proceeds remitting to Mr. Napier.  The district court analyzed both parties' submissions on sale at auction

and issued a detailed decision regarding disposition of the firearms. *See* Doc. 87. At Mr. Napier's request, disposition was stayed until November 27, 2011 to allow Mr. Napier an opportunity to file an appeal. *See* Docs. 93 & 94. The stay automatically expired on November 27, 2011. *Id.*

As of November 28, 2011, no notice of appeal has been filed, nor has Mr. Napier indicated any steps have been taken to appeal the status of his 1993 conviction within the state system. Instead, on November 28, 2010, Mr. Napier filed the instant motion to vacate, which is actually a request for <u>additional</u> time to file an appeal in the California state court system. Although the October 27, 2011 Order suggested that the most recent stay was specifically to permit Mr. Napier to file an appeal with the Ninth Circuit from the September 30, 2011 Order re disposition of the firearms, Mr. Napier has had ample time to take steps to address the status of his 1993 conviction within the state system. In fact, the district court has previously entreated Mr. Napier to do just that. Although Mr. Napier has shown the capacity to file numerous motions for reconsideration in this case, he has failed to demonstrate any intent to take action to address the underlying status of his 1993 conviction in a way that would relieve him from his firearm prohibition. No more stays are warranted. The government may take action to dispose of the seized firearms as set forth in the September 30, 2011 Order.

The Clerk of Court is directed to enter judgment for the United States and against Mr. Napier and to close this case.

**SO ORDERED**
**Dated: December 6, 2011**

                                            **/s/ Lawrence J. O'Neill**
                                            **United States District Judge**