**DRAFT AS OF DECEMBER 22, 2011**

**RETURN TO LISA**

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DENNIS NAPIER,** | **1:10-cv-00040 LJO GSA** |
| **Petitioner,** | |
| **v.** | **ORDER RE PETITIONER'S MOTION TO VACATE THE DECEMBER 6, 2011 ORDER RE PETITIONER'S REQUEST FOR RECONSIDERATION RE DISPOSITION OF FIREARMS (DOC. 99)** |
| **UNITED STATES OF AMERICA,** | |
| **Respondent.** | |

Before the Court for decision is Petitioner Dennis Napier's motion to vacate this Court's December 6, 2011 Order, which addressed Petitioner's second request for reconsideration regarding disposition of firearms seized from Mr. Napier's residence. *See* Doc. 99, filed Dec. 20, 2011. The December 6, 2011 Order confirmed a October 27, 2011 Order, which confirmed yet another September 30, 2011 Order allowing certain firearms to be destroyed and others to be sold at auction with proceeds remitting to Mr. Napier. Docs. 93, 94, 97.

The procedural history of this case has been detailed in numerous prior orders, and was summarized in the December 6, 2011 Order. *See* Docs. 87, 93, 97. In sum, this Court determined that, because of a 1993 state conviction, Mr. Napier is currently subject to a firearms prohibition, despite a 2003 Superior Court Order purporting to reduce the 1993 conviction to a misdemeanor. Because the 2003 Superior Court Order created some confusion over whether and to what extent the firearms prohibition continued after 2003, the district court, acting pursuant to its equitable jurisdiction, sought to determine whether it would be possible and/or appropriate for the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("BATF") to sell some or all of the seized

1

firearms at auction with the proceeds remitting to Mr. Napier.  The district court analyzed both

parties' submissions on sale at auction and issued a detailed decision regarding disposition of the

firearms.  *See* Doc. 87.  At Mr. Napier's request, disposition was stayed until November 27, 2011

to allow Mr. Napier an opportunity to file an appeal.  *See* Docs. 93, 94.  The stay automatically

expired on November 27, 2011.  *Id*.  The December 6, 2011 Order denied Mr. Napier's request

for additional time to file an appeal, because Mr. Napier had more than sufficient opportunity to

pursue appellate remedies.  Doc. 97.  The Clerk of Court was directed to and did enter judgment

for the United States and against Mr. Napier.  Docs. 97, 98

On December 20, 2011, Mr. Napier filed yet another motion for reconsideration.

Applications for reconsideration must satisfy the requirements of either Federal Rule of Civil

Procedure 59 or 60.  Mr. Napier does not explicitly invoke either Rule.

Under Federal Rule of Civil Procedure 59(e), a party may move to have the court amend

its judgment within twenty-eight days after entry of the judgment.  "Since specific grounds for a

motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion

in granting or denying the motion."  *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir.

2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999) (en banc) (per

curiam)).  Nonetheless, amending a judgment after its entry remains "an extraordinary remedy

which should be used sparingly."  *Id*.  In general, there are four basic grounds upon which a Rule

59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or

fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered

or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice;

or (4) if the amendment is justified by an intervening change in controlling law.  *Id*.

The available grounds for Rule 60 relief are even more limited.  Pursuant to Federal Rule

of Civil Procedure 60(b) "[o]n motion and just terms, the court may relieve a party ... from a final

judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or

excusable neglect; (2) newly discovered evidence ...; (3) fraud..., misrepresentation, or

misconduct by an opposing party; ... or (6) any other reason that justifies relief."  Where none of

these factors is present, the motion is properly denied.  *See Fuller v. M.G. Jewelry*, 950 F.2d

1437, 1442 (9th Cir. 1991).  "A motion for reconsideration should not be granted, absent highly

unusual circumstances, unless the district court is presented with newly discovered evidence,

committed clear error, or if there is an intervening change in the controlling law," and it "may not

be used to raise arguments or present evidence for the first time when they could reasonably have

been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,

571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted).[1]

     Mr. Napier's motion fails to satisfy any of these standards for reconsideration.  First, he

quotes a pleading he filed February 22, 2010, in which he complains about appointed counsel's

conduct in this case.  *See* Doc. 25.  The issue of counsel's conduct was considered and addressed

by the District Court in a March 3, 2010 Status Conference Re Attorney Representation.  *See*

Doc. 28.  Mr. Napier fails to explain how this renewed reference satisfies the requirements of

either Rule 59 or Rule 60.

     Next, Mr. Napier asserts "[t]here was as conspiracy in California State Court  by way of

the Public Defender giving ineffective assistance of counsel in 1993.  Mr. Napier had hoped it

would be different in Federal Court.  Possibly the problem is two of the three judges in Federal

Court were involved in the California State Court proceedings against Mr. Napier.  Judge Austin

was involved because he was with the California Court of Appeals Fifth District that heard the

appeal for Mr. Napier's case during the probationary period."  Doc. 99 at 2.  To the extent that

---

[1] Motions for reconsideration are also subject to Local Rule 230(j), which requires, among other things, that movant set forth:  "[W]hat new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

Mr. Napier is now arguing that Judge Austin should have recused himself from this case, Mr. Napier has failed to explain why he could not have raised this issue at an earlier time.  In other words, Mr. Napier does not demonstrate that Judge Austin's prior judicial experience is "newly discovered evidence," nor does he explain how this argument would otherwise satisfy the requirements for reconsideration.[2]

Mr. Napier also appears to suggest that "manifest injustice" occurred here because he did not have adequate opportunity to speak for himself or hire an attorney during a December 2009 hearing before Judge Austin.  Doc. 99 at 3.  This argument fails as well.  First, the Federal Rules are clear.  A civil litigant has no right to oral argument.  *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); Local Rule 230(g) ("[A] motion may be submitted upon the record and briefs on file if the parties stipulate thereto, or if the Court so orders, subject to the power of the Court to reopen the matter for further briefs or oral arguments or both.").  In addition, Mr. Napier was afforded numerous continuances to provide him an opportunity to retain counsel.  *See, e.g*., Docs. 35, 38, 40, 81.  He had ample opportunity to obtain the assistance of counsel prior to the issuance of any dispositive orders in this case.

Finally, Mr. Napier suggests it would be a "manifest injustice" to destroy or sell property that is lawfully possessed.  He requests a "stay regarding the destruction or sale of his firearms because he has been allowed by the California Department of Justice to purchase firearms since February 18, 2009, when the charges were dismissed for being a felon in possession of firearms. Why couldn't the firearms be turned over to State authorities pending [an] appeal."  Doc. 99 at 3-4.  Mr. Napier's manifest injustice argument fails.  This Court addressed the legal issue of whether Mr. Napier lawfully possessed the firearms in question and determined he was subject to

---

[2] Nor does Mr. Napier suggest that Judge Austin actually presided over his state appellate case in any way.

**4**

1  a firearms restriction.  This Court also ordered to stay the destruction of the firearms pending an

2  appeal, Doc. 93, but <u>no appeal was ever filed</u>.  Mr. Napier cannot now claim a manifest injustice

3  has taken place due to his own failure to take advantage of the appellate process.

4

5

6

7  **IT IS SO ORDERED.**

8      **Dated:**   **December 26, 2011**          **/s/ Lawrence J. O'Neill**

9                                              **UNITED STATES DISTRICT JUDGE**

5