UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS NAPIER,<br><br>    Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | 1:10-cv-00040 LJO GSA<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE THE JUDGMENT (DOC. 106).** |

Petitioner Dennis Napier once again moves to vacate the judgment in this case regarding disposition of firearms seized from Mr. Napier's residence. *See* Doc. 106, filed Feb. 6, 2012.  A January 5, 2012 order confirmed a December 6, 2011 Order, which confirmed a October 27, 2011 Order, which confirmed yet another September 30, 2011 Order allowing certain firearms to be destroyed and others to be sold at auction with proceeds remitting to Mr. Napier.  Docs. 93, 94, 97, & 104.

The procedural history of this case has been detailed in numerous prior orders, and was summarized in the December 6, 2011 Order.  *See* Docs. 87, 93, 97.  In sum, this Court determined that, because of a 1993 state conviction, Mr. Napier is currently subject to a firearms prohibition, despite a 2003 Superior Court Order purporting to reduce the 1993 conviction to a misdemeanor. Because the 2003 Superior Court Order created some confusion over whether and to what extent the firearms prohibition continued after 2003, the district court, acting pursuant to its equitable jurisdiction, sought to determine whether it would be possible and/or appropriate for the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("BATF") to sell some or all of the seized

1

firearms at auction with the proceeds remitting to Mr. Napier.  The district court analyzed both parties' submissions on sale at auction and issued a detailed decision regarding disposition of the firearms.  *See* Doc. 87.  At Mr. Napier's request, disposition was stayed until November 27, 2011 to allow Mr. Napier an opportunity to file an appeal.  *See* Docs. 93, 94.  The stay automatically expired on November 27, 2011.  *Id*.  The December 6, 2011 Order denied Mr. Napier's request for additional time to file an appeal, because Mr. Napier had more than sufficient opportunity to pursue appellate remedies.  Doc. 97.  The Clerk of Court was directed to and did enter judgment for the United States and against Mr. Napier.  Docs. 97& 98.  On December 20, 2011, Mr. Napier filed yet another motion for reconsideration.  That motion was denied, as it failed to satisfy the requirements of either Federal Rule of Civil Procedure 59 or 60.  Doc. 104.

On February 6, 2012, Mr. Napier moved to vacate the judgment, raising arguments that have all been heard and addressed numerous times.  Doc. 106.  Among other things, Mr. Napier argues that the state court has jurisdiction over the question of whether he has a right to possess a firearm.  Mr. Napier also maintains that the previously assigned district judge led him to believe that he should appeal his firearms restriction in the state court.  These are no revelations.  This Court has repeatedly implored Mr. Napier to pursue any available remedies in the state system and has afforded multiple continuances to permit him to pursue any such remedies.  *See* Doc. 71, Memorandum Decision Denying Petitioner's Motion for New Trial and Motion to Vacate Judgment, at 6 (describing past efforts to permit Mr. Napier to appeal to the state court and again imploring that he do so), filed June 22, 2011.  Mr. Napier has made no effort to address his firearms prohibition with the state court, despite having had ample opportunity to do so.  Mr. Napier's continued inaction cannot now be used as an excuse to further delay the ultimate disposition of this case.

1
2
3
4
5
6
7

        The motion to vacate the judgment is DENIED.  Given Petitioner's repeated filing of
motions based upon the same factual and legal arguments, any further motions to vacate and/or
for reconsideration will be stricken.  Mr. Napier is informed that further "multiplication of the
proceedings" is subject to sanction.  *See* 28 U.S.C. § 1927; *Wages v. IRS*, 915 F.2d 1230, 1235-36
(9th Cir. 1989) (applying § 1927 sanctions to *pro se* plaintiff).

8
9
10

**SO ORDERED**
**Dated:  February 24, 2012**

                                    **/s/ Lawrence J. O'Neill**
                                    **United States District Judge**

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28