IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS NAPIER,<br><br>             Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>             Defendant. | Case 1:10-CV-00040-LJO-GSA<br><br>**FINDINGS AND RECOMMENDATIONS RE: DESTRUCTION OF FIREARMS AND AMMUNITION**<br><br>(Doc. 109) |

**I.   Introduction**

On October 2, 2013, Defendant, the United States of America ("the United States" or "the government") filed a Motion for Destruction of Firearms and Ammunition. (Doc. 109). Plaintiff, Dennis Napier, ("Mr. Napier" or "Plaintiff") did not file an opposition to the motion. A hearing was held on November 8, 2013. (Doc. 111). Attorney Heather Mardel Jones, personally appeared on behalf the United States, accompanied by Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Special Agent Sherri Reynolds. Plaintiff did not appear at the hearing. Upon a review of the government's pleading, the Court recommends that the government's motion be GRANTED.

**II.   Relevant History**

This case concerns an ATF seizure of ten firearms and certain ammunition from Mr. Napier. A list of those firearms is provided below. Each firearm was assigned a number (1-10) in an order issued by

1

United States District Court Judge Oliver W. Wanger on September 30, 2011. (Doc. 87).

| Firearm | Description |
|---|---|
| 1 | Rohm, Model 57, .44 caliber, revolver, bearing serial number: LG5891 |
| 2 | Sturm, Ruger & Co., Inc., Model P85, 9mm, pistol, bearing serial number: 300-51055 |
| 3 | Mossberg, Model 500, 12 gauge, shotgun, bearing serial number: K500339 |
| 4 | Winchester, Model 94, 30-30 caliber, rifle, bearing serial number: L203728 |
| 5 | New England Firearms Co., Pardner Model, 12 gauge, shotgun, bearing serial number: ND259016 |
| 6 | Marlin, Model 60, .22 caliber rifle, bearing serial number: 16394321 |
| 7 | Russian Model 191/30, 7.62 x54R, rifle, bearing serial number: 9130102189 |
| 8 | Savage, Model Stevens, .410 gauge, shotgun, bearing no serial number |
| 9 | Browning Arms, Model Buckmark, .22 caliber, pistol, bearing serial number: 655NZ16161 |
| 10 | Hi-Point, Model C9, 9mm, pistol, bearing serial number: P1426321 |

The procedural history of this case has been detailed in numerous prior orders. (Docs. 87, 93, 97). In summary, on March 24, and September 30, 2011, Judge Wanger found that Mr. Napier was subject to a firearms prohibition based on a 1993 Fresno County Superior Court felony conviction. Although Mr. Napier had argued the prohibition did not apply because the 1993 felony conviction had been reclassified as a misdemeanor in 2003, it was determined that this reclassification order had been erroneously issued and that Mr. Napier had in fact suffered a felony conviction. (Docs. 64, 87). Based on the circumstances of this case, Judge Wanger ordered that firearms 1, 2, 3, 4, 5, 6, and 8, be destroyed, and permitted ATF to sell firearms 7, 9, and 10, through a Federal Firearms Licensee ("FFL"), with proceeds remitted to Mr. Naper.[1] Id. Between September 30, 2011 and February 6, 2012, Mr. Napier filed several motions challenging Judge Wanger's order. (Docs. 88, 95, 99, 106). These motions were denied by United States District Court Judge O'Neill. (Docs. 94, 97, 104, 105, 108).

The government reports that Firearms 1, 2, 3, 4, 5, 6, and 8 have been destroyed. Declaration of ATF Special Agent Sherri Reynolds dated October 2, 1013 ("Reynold's Declaration"). (Doc. 109-1, at ¶

---

[1] The order contains a typographical error in the concluding paragraph, incorrectly identifying that firearms 7, **8**, and 10 be sold. A reading of the order in its totality clearly indicates that Judge Wanger intended to order the destruction of firearms 1, 2, 3, 4, 5, 6, and 8; and the sale of firearms 7, **9**, and 10.

1). However, the government has been unable to obtain cooperation from Mr. Napier in order to sell firearms 7, 9, and 10. Reynolds Declaration at ¶ 2. In particular, the government contends it has made the following attempts to contact Mr. Napier :

- On December 12, 2011, ATF Special Agents went to Mr. Napier's residence located at 1667 Griffith Avenue, Clovis, California ("the residence"). This address is Mr. Napier's address listed on CM/ECF. The agents attempted to provide Mr. Napier with a letter from ATF requesting that he complete the required FFL paperwork. Mr. Napier was also advised that if he failed to designate a FFL to ATF by January 30, 2012, ATF would seek court intervention. Although the lights of the residence were visible, a large fence and multiple dogs at the fence prevented ATF agents from approaching the front door of the residence. After waiting for approximately 10 minutes, the ATF agents placed the letter, which was in a sealed envelope, inside Mr. Napier's mailbox. ATF did not receive the required FFL paperwork from Mr. Napier by the January 30, 2012 deadline, nor at any time thereafter.

- On January 20, 2012, the Clovis Police Department notified ATF that Mr. Napier had been served with an abatement warrant at 1667 Griffith Avenue, Clovis, California on December 27, 2011. During the execution of the warrant, the residence was deemed uninhabitable and Mr. Napier was provided with notice to leave the residence.

- On November 15, 2012, Fresno County Sheriff Department Deputies arrived at 1667 Griffith Avenue, Clovis, California to enforce the eviction of Mr. Napier from the residence. After knocking on the door, the deputies attempted to enter the residence. However, they discovered that even though the door was unlocked, they could not open any of the doors because each of the doors were nailed shut and had nails protruding through the door frame. Additionally, the windows were covered with an unknown material. After this discovery, the deputies retreated and requested assistance from the SWAT team due to the potentially violent situation.

- Thereafter, on December 12, 2012, law enforcement officers again attempted to enforce the eviction. Mr. Napier, along with his son, barricaded himself inside the 1667 Griffith Avenue residence. After a seven hour stand-off, members of the SWAT team entered the residence and encountered an aggressive and combative Napier. Mr. Napier attempted to attack the SWAT K-9 officer and as a result, Mr. Napier was tasered and taken into custody.

- In June 2013, ATF Special Agent Reynolds contacted approximately ten Fresno-area FFLs to determine whether any of those FFLs would be willing to sell the three remaining firearms, and thereafter provide the sale proceeds to Mr. Napier. Given the firearms' nominal value, of those ten FFL's, only one FFL expressed a willingness to sell the remaining firearms. That sole FFL, Fresno Firearms LLC, stated they would attempt to sell Firearms 7, 9, and 10, on consignment at a gun show, but would need Mr. Napier, and not by ATF, to complete the required consignment paperwork.

- In July 2013, ATF Special Agent Reynolds conducted a query through Lexis Nexus and Accurint law enforcement databases in an attempt to locate Mr. Napier and have him complete the FFL paperwork to sell the three firearms. The query revealed three telephone numbers for Mr. Napier and a last known address of

3

1667 Griffith Avenue, Clovis, California.  The 1667 Griffith Avenue address is Mr. Napier's address listed on CM/ECF.  Special Agent Reynolds called all three numbers, none of which were valid telephone numbers for Mr. Napier.

- On July 23, 2013, ATF Special Agent Reynolds identified an email (paulpierre3@live.com) for Mr. Napier, which is Napier's email on CM/ECF. ATF Special Agent Reynolds sent an email to Mr. Napier at that email address, attaching a letter and advising him that pursuant to the Court's prior orders, he needed to designate a FFL to effect the sale of his firearms.

- On August 5, 2013, ATF Special Agent Reynolds received an email reply from Mr. Napier from the above email address, in which Plaintiff refused to cooperate with ATF in completing the FFL paperwork. In particular, Mr. Napier noted that Judge Wanger did not have jurisdiction over his case, and that he did not consent to his guns being destroyed or sold.

Reynolds Declaration at ¶ 4-11.

In the instant motion, the United States requests that it be permitted to destroy firearms 7, 9, and 10 due to Mr. Napier's lack of cooperation.  Further, the government asserts that additional ammunition was seized from Mr. Napier in January 30, 2009, and it seeks permission to destroy the following:

| Ammunition | Description |
|---|---|
| A | 16 rounds of 9mm caliber ammunition valued at $1.60 |
| B | 1 round of 12 gauge caliber ammunition valued at $.10 |
| C | 1 round of 30-30 caliber ammunition valued at $.10 |
| D | 1 round of 12 gauge caliber ammunition valued at $.10 |
| E | 1 round of 22 caliber ammunition valued at $.10 |
| F | 9 rounds of 9 mm caliber ammunition valued at $.90 |
| G | 6 rounds of 44 caliber ammunition valued at $.60 |
| H | 2922 rounds of assorted calibers of ammunition valued at $292.20 |
| I | 439 rounds of assorted calibers of ammunition valued at $43.90 |

### III.    Discussion

Pursuant to 28 U.S.C. § 1651 (the "All Writs Act"), this Court is authorized "[to] issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principals of law." 28 U.S.C. § 1651(a).  As the Supreme Court explained, '[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." Pennsylvania Bureau of Correction v. United States Marshals Service, 474 U.S. 34, 43 (1985).  There is no statute that authorizes the destruction of the firearms and ammunition under these circumstances.  Courts have used the All Writs

4

Act to grant authorization to the government to destroy firearms seized in the course of a criminal investigation. See United States v. Roberts, 322 Fed. Appx. 175 (3d Cir. 2009).

As previously explained, Judge Wanger has already ordered that firearms 1, 2, 3, 4, 5, 6 and 8 be destroyed, and that firearms 7, 9, and 10 be sold with the proceeds to be returned to Mr. Napier. (Doc. 13, 64, 87). This decision was based in part, on the fact that Mr. Napier was convicted of two felony convictions pursuant to California Penal Code § 245. (Doc. 13, 34, 64). Mr. Napier's attempts to challenge Judge Wanger's order have been unsuccessful. (Doc. 94, 97, 104, 105, 108). Moreover, as outlined above, Mr. Napier has failed to cooperate with the government so that the remaining firearms could be sold despite numerous attempts by the United States to contact him. Therefore, destruction of these firearms is appropriate.

Additionally, destruction of the ammunition seized from Mr. Napier on January 30, 2009, is also warranted. Both California and Federal law prohibit possession of firearms and ammunition by a person convicted of a felony. Cal. Penal Code § 29800 (a) (1) (a person convicted of a felony who possesses any firearm is guilty of a felony); Cal. Penal Code § 30305 ("No person prohibited from owning or possessing a firearm . . . shall own, possess . . . any ammunition."); 18 U.S.C. § 922(g) (prohibiting possession of firearms and ammunition by prohibited persons). Furthermore, Mr. Napier filed no opposition to the motion.[2]

**IV.     Recommendation**

Based on the above, the Court recommends that the government's Motion to Destroy Firearms and Ammunition be GRANTED. Accordingly, it is recommended that firearms 7, 9, and 10, and the ammunition identified in this order as A, B, C, D, E, F, G, H, and I be destroyed.

These Findings and Recommendations are submitted to United States District Judge Lawrence J. O'Neill pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B). Within fifteen (15) days after service, any party may file written objections with the Court and serve a copy on all parties. The document should

---

[2] This Court notes that Mr. Napier was served with this motion through CM/ECF in accordance with his Petition for ECF Registration and Consent to Electronic Service which was granted on July 15, 2010. (Docs. 40 and 42). The Court further notes that Mr. Napier's email address in CM/ECF (paulpierre3@live.com), is the same email addressed used to correspond with ATF Special Agent Reynolds in August 2013. Thus, the Court finds that Mr. Napier was properly served with the instant motion.

be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 18, 2013**           /s/ Gary S. Austin
                                      UNITED STATES MAGISTRATE JUDGE